UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| K. B.,<br><br>            Plaintiff,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE,<br><br>            Defendant. | Case No. 24-cv-08876-PHK<br><br>**ORDER TO SHOW CAUSE REGARDING FAILURE TO COMPLY WITH RULE 10 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Re: Dkt. 1 |

On December 9, 2024, Plaintiff (named only as "K. B." in the pleadings) filed the complaint in the instant action against Defendants California Physicians' Service doing business as Blue Shield of California and DOES 1 through 10, alleging various harms under the Employee Retirement Income Security Act. [Dkt. 1].

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint *must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10 (emphasis added). From the face of the Complaint, Plaintiff K. B. has not complied with Rule 10(a), because they did not name themselves (and only identified themselves by the initials "K.B.") and because they did not seek leave from the Court to proceed under a pseudonym. *Cf. Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) (finding a party complied with Rule 10 when they contemporaneously filed their complaint and an *ex parte* motion to proceed under a pseudonym).

Accordingly, it is **HEREBY ORDERED** that:

Plaintiff K. B. is **ORDERED TO SHOW CAUSE** in writing within **fourteen (14) days** from the date of this Order, why the Complaint should not be dismissed and/or why they should not otherwise be sanctioned for failure to comply with Rule 10(a) of the Federal Rules of Civil

Procedure. A court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996) (citing *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983)). Accordingly, within **fourteen (14) days of the date of this Order**, Counsel for Plaintiff K. B. are also **ORDERED TO SHOW CAUSE** why they should not be sanctioned for filing the Complaint in this action that did not conform to Fed. R. Civ. P. 10 and for failing to seek leave from the Court for their client to proceed pseudonymously. If (through counsel) Plaintiff K. B. files an *ex parte* motion conforming to Civil L.R. 7-10 showing good cause to proceed under a pseudonym **ON OR BEFORE FEBRUARY 19, 2025** (that is, within **fourteen (14) days** from the date of this Order), then the Court will undertake to review any such motion as a response to this OSC by both Plaintiff K. B. and plaintiff's counsel.

Failure to comply with this Order may result in the imposition of sanctions, including but not limited to terminating sanctions such as the dismissal of the Complaint, monetary sanctions, imposition of legal education requirements, as well as any other measures the Court deems appropriate within the scope of its broad discretion. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996).

**IT IS SO ORDERED.**

Dated: February 5, 2025

_____
PETER H. KANG
United States Magistrate Judge